UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

CHARKEIA SHANNON,

          Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,

          Defendant.
_____/

Case No. 23-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Charkeia Shannon, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Michigan Department of Corrections, and in support thereof states:

1. Plaintiff Charkeia Shannon ("Shannon" or "Plaintiff") is a resident of the Township of Canton, Wayne County, Michigan.

2. Defendant Michigan Department of Corrections ("MDOC" or "Defendant") is a political subdivision and department of the Michigan state government.

3. Jurisdiction is vested in this Court pursuant to 29 USC §2601, et. seq., 42 USC §2000e, and 28 USC §1331.

4. The events giving rise to this action occurred in Washtenaw County, Michigan.

5. On or about October 28, 2021, Shannon filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

6. On or about March 30, 2023, the EEOC issued a Dismissal and Notice of Rights (Right to Sue Letter) to Shannon.

## GENERAL ALLEGATIONS

7. Shannon is an African-American female.

8. Shannon was employed with the MDOC as a Teacher Aide at its Women's Huron Valley prison facility in Ypsilanti.

9. Shannon suffers from a serious health condition as that term is defined by the Family Medical Leave Act; Shannon's medical condition is uterine fibroids, which cause pain and disability when they flare-up.

10. Shannon requested and was approved for an intermittent FMLA leave as a result of her serious health condition.

11. The intermittent FMLA leave was reviewed and re-approved several times, with the most recent approval for the time period of June 17, 2021 to September 15, 2021.

12. Throughout her intermittent FMLA leave, Shannon's supervisors harassed her regarding her use of leave time, despite the fact that the time off was directly related to her approved FMLA leave for her health condition.

13. MDOC would continually charge Shannon with "lost time" for days that she missed for FMLA-qualifying reasons.

14. As a result of the "lost time", Shannon was given two disciplinary actions in the form of Interim Ratings.

15. On August 31, 2021, a disciplinary conference was held with Shannon's supervisor Joseph Wright ("Wright") and the prison facility's warden, Jeremy Howard. During the conference, Shannon reiterated that most, if not all, of the "lost time" that was being charged to her was the result of her FMLA-qualifying medical condition.

16. On or about August 31, 2021, Shannon was suspended from her job as a result of the two negative Interim Ratings.

17. On or about September 27, 2021, Shannon was discharged from her position at the MDOC.

18. Throughout her employment at the MDOC, Shannon was subjected to different terms and conditions of employment on the basis of her race, African-American.

19. There is a long-term pattern of disparate treatment of African-American employees by the management of the Women's Huron Valley prison facility.

20. African-American employees at the subject facility are treated far harsher than white employees in the same or similar circumstances.

21. Shannon's supervisor, Joseph Wright ("Wright"), was dismissive and impolite, both in person and via email, to the African-American employees, but was polite and receptive when communicating with white employees.

22. White employees who requested changes to their schedule were granted those requests without issue; when Shannon requested a temporary, short-term change to her schedule to accommodate her ability to get to work due to transportation issues, that request was denied by her supervisor, her supervisor's supervisor and the prison warden, all in harsh, condescending and demeaning language.

23. MDOC's denial of Shannon's short-term scheduling need resulted in further "lost time" being charged to Shannon, leading to her suspension and discharge.

24. Further, white employees would be tardy for work and have other attendance issues but would not suffer any negative job consequences.

25. White employees at the subject facility would be allowed to use comp time to avoid "lost time"; that option was never provided to Shannon.

26. The African-American teaching and administrative employees would be told to perform the menial tasks, such as sorting bras and panties in the laundry, while the white teaching and administrative employees were never asked to perform the menial work in the laundry.

27. On or about July 16, 2021, Shannon complained to Wright, his supervisor Heather Gay and Howard about the disparate treatment of white and African-American employees.

28. Just a few weeks later, Shannon received her second Interim Rating for attendance, was suspended and ultimately discharged.

**COUNT I**
**VIOLATION OF FMLA, 29 USC §2601, et seq.**
**INTERFERENCE**

29. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

30. Shannon was an eligible employee as that term is defined by the FMLA.

31. MDOC is a covered employer as that term is defined by the FMLA.

32. Shannon's intermittent medical leave was protected by the FMLA.

33. MDOC interfered with Shannon's rights under the FMLA by harassing her about her use of FMLA leave, providing her with false information about her legal rights under the FMLA, counting her FMLA-qualifying leave against

her pursuant to Defendant's attendance policy and terminating her employment.

34. As a direct and proximate result of the MDOC's violation of the FMLA, Plaintiff has suffered damages including, but not limited to: wage loss, lost employment benefits and lost pension benefits, plus costs, interest and attorney fees as allowed by statute.

35. Further, because Defendant's FMLA violation of FMLA was not in good faith and Defendant did not have reasonable grounds for believing that the termination was not a violation of the FMLA, Plaintiff is entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

## COUNT II
## VIOLATION OF FMLA, 29 USC §2601, et seq.
## RETALIATION/DISCRIMINATION

36. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

37. By disciplining, suspending and discharging Shannon from her employment, MDOC retaliated and/or discriminated against Shannon for exercising her FMLA rights.

38. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered damages as fully set forth in paragraphs 34 and 35 of this Complaint.

## COUNT III
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT
## RACE DISCRIMINATION

39. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

40. Title VII of the Civil Rights Act, 42 U.S.C. § 2000e provides that it "shall be unlawful employment practice for an employer to… discharge any individual… because of such individual's… race…"

41. Plaintiff's race, African-American, was a significant motiving factor in Defendant's decision to terminate Plaintiff's employment.

42. If Plaintiff had been white, she would not have been terminated from her employment with Defendant.

43. If Plaintiff had been of non-African-American race, she would not have been terminated from her employment with Defendant.

44. At all pertinent times, Defendant was an employer covered by, and within the meaning of, Title VII.

45. Plaintiff is a member of a protected class based on her African-American race.

46. Plaintiff was qualified for the position of Teacher Aide.

47. Plaintiff suffered adverse employment action, including but not limited to, discipline, suspension and discharge.

48. Plaintiff was replaced by a person who was not a member of Plaintiff's protected class.

49. Similarly situated non-African American employees were treated more favorably than Plaintiff, despite the same or similar conduct.

50. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered damages, including but not limited to: lost past and future wages, lost past and future employment benefits, loss of earning capacity, attorney fees and emotional distress.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

51. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

52. Plaintiff engaged in protected activity when she sent an email complaining about and opposing Defendant's violations of Title VII of the Civil Rights Act as more fully described above.

53. Plaintiff engaged in protected activity when she verbally complained to the MDOC's representatives about the Defendant's violations of Title VII of the Civil Rights Act, as more fully described above.

54. Plaintiff's complaints to MDOC's representatives also constitute opposition to Defendant's violations of Title VII of the Civil Rights Act.

55. Plaintiff suffered adverse employment action, including, but not limited to, discipline, suspension and discharge.

56. There is a causal connection between Plaintiff's protected activities and the adverse employment actions taken against her.

57. As a direct and proximate result of Defendant's retaliation in violation of Title VII, Plaintiff has suffered damages as fully set forth in paragraph 50 of this Complaint.

WHEREFORE, Plaintiff Charkeia Shannon prays that this Honorable Court enter a judgment in her favor against Defendant Michigan Department of Corrections in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorney for Plaintiff

Dated: April 27, 2023